UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
TERRY LEE FISH,

                    Debtor.
_____/

TERRY LEE FISH,

                    Appellant,
v.                                    Case No.  8:12-cv-2498-T-33
                                      Bankr. No. 8:11-bk-19061-CPM

PASCO  COUNTY  FLORIDA  TRAFFIC
DIVISION, PAULA O'NEILL, and JON
M. WAAGE as Chapter 13 Bankruptcy
Trustee,

                    Appellees.
_____/

## **ORDER**

    This matter comes before the Court pursuant to Appellee
Jon M. Waage, Chapter 13 Bankruptcy Trustee's Motion to
Dismiss Appeal (Doc. # 10), which was filed on December 17,
2012.  Pro se Appellant Terry Lee Fish filed a Response on
December 28, 2012. (Doc. # 11).  Also before the Court is
Fish's Motion for Injunction under Federal Rule of Civil
Procedure 65(b)(1), filed on January 24, 2013. (Doc. # 12).
The Trustee filed a Response in Opposition to the Motion for
Injunction (Doc. # 13) on January 31, 2013.  The Court denies
the Motions as outlined below.

I.    **Procedural Background**

Fish filed a pro se voluntary Chapter 7 bankruptcy case
on October 12, 2011.  (B.R. Doc. # 1). On October 21, 2011,
the Bankruptcy Court granted Fish's application to proceed *in
forma pauperis.* (B.R. Doc. # 11).  On March 2, 2012, the
Bankruptcy Court granted Fish a Discharge pursuant to 11
U.S.C. § 727. (B.R. Doc. # 29). Importantly, the Discharge
specified, "Debts for most fines, penalties, forfeitures, or
criminal restitution obligations" are "not discharged in a
chapter 7 bankruptcy case." Id. at 2 (emphasis in original).[1]
The Bankruptcy Court closed the case on March 30, 2012. (B.R.
Doc. # 30).

On April 24, 2012, Fish filed a Motion for Sanctions
against the Pasco County Florida Traffic Division and Paula S.
O'Neill, Clerk and Comptroller. (B.R. Doc. # 33).  Fish
specified in the Motion for Sanctions:

> The Debtor requests that his Chapter 7 Bankruptcy
> be Re opened so that the Bankruptcy Court can re
> affirm that the Debtor's Traffic Citations were
> discharged on march 2, 2012 by order of the Court.
> . . . The Pasco County Florida Traffic Division has
> failed to allow the Debtor to obtain his Florida

---

[1]  11 U.S.C. § 523(a)(7) exempts from discharge a debt
"to the extent such debt is for a fine, penalty or forfeiture
payable to and for the benefit of a governmental entity, and
is not compensation for actual pecuniary loss, other than a
tax penalty."

> Driver's License which was suspended for non payment of three (3) traffic citations. . . . The Debtor states that the $732.50 in fines is a financial hardship and the Debtor due to his poverty can not pay.

Id. at 1.

The Bankruptcy Court held a hearing on the Motion for Sanctions on August 14, 2012, and denied the Motion as follows: "The traffic fines are not dischargeable. Pasco County's attempt to collect them is not violative of the Debtor's discharge." (B.R. Doc. # 49). On September 4, 2012, Fish filed an Appeal of the Order denying the Motion for Sanctions. (B.R. Doc. # 54). That appeal is before this Court.

During the pendency of the appeal, the Bankruptcy Court has properly continued to exercise jurisdiction over this case. On September 18, 2012, the Bankruptcy Court converted the Chapter 7 case to a Chapter 13 case pursuant to Fish's request. (B.R. Doc. # 61). On October 11, 2012, Fish filed a Motion for Hardship Discharge requesting, inter alia, that the aforementioned traffic citations in Pasco County be discharged due to his inability to pay them. (B.R. Doc. # 71). Thereafter, on November 13, 2012, Pasco County filed a Motion to convert Fish's case back to a Chapter 7 case. (B.R. Doc. # 75). The Bankruptcy Court denied the Motion for Hardship

Discharge in an Order dated November 21, 2012, and set the Motion to Convert the case to a Chapter 7 case for a hearing. (B.R. Doc. # 77).   In denying the Motion for Hardship Discharge, the Court specified: "The Debtor shall not receive a discharge, hardship or otherwise, in this chapter 13 case." Id. at 1.

On November 30, 2012, Fish filed an appeal of the Bankruptcy Court's denial of his Motion for Hardship Discharge. (B.R. Doc. # 81).   That appeal is not before this Court.

On November 30, 2012, Fish filed his Appellate Brief in this Court.  (Doc. # 8).  Rather than briefing the Court as to the propriety of the appealed Order, dated August 22, 2012, which denied the Motion for Sanctions, Fish has briefed the Court as to the Bankruptcy Court's November 21, 2012, denial of his Motion for Hardship Discharge.  The Trustee responded in kind by filing a Motion to Dismiss the Appeal on the basis that the Bankruptcy Court's decision to deny the Hardship Discharge is not a final, appealable order.  (Doc. # 10). Among other contentions, the Trustee submits that "Orders denying a hardship discharge before the approval of the plan are by their nature not final, since they are not ripe for decision and do not complete the judicial labor." Id. at 2.

-4-

Fish responded to the Motion to Dismiss (Doc. # 11) raising inapposite arguments tailored to the Order denying the Motion for Hardship Discharge, which is not the subject of the present appeal.

Thereafter, Fish filed a Motion requesting, *inter alia*, that this Court enjoin Pasco County and the Bankruptcy Court from taking further action in the bankruptcy case. (Doc. # 12). These Motions are ripe for consideration.

### A.   Motion to Dismiss Appeal

"The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." <u>Osterneck v. E.T. Barwick Indus., Inc.</u>, 825 F.2d 1521, 1525 (11th Cir. 1987). Fish's September 4, 2012, Notice of Appeal states that it is an appeal "from the final appealable order denying the discharge of the traffic fines and penalties entered in this action on August 22, 2012." (Doc. # 1-1). As noted above, the Bankruptcy Court's August 22, 2012, Order denied the Motion for Sanctions against Pasco County and also specified that "[t]he traffic fines are <u>not</u> dischargeable. Pasco County's attempt to collect them is not violative of the Debtor's discharge." (Doc. # 1-2; B.R. Doc. # 49)(emphasis in original).

The Trustee's three-paragraph Motion to Dismiss, which is aimed at an appeal that is not pending before this Court, is misapplied.  The Court therefore denies the Motion to Dismiss without prejudice.  So that this appeal may be properly poised for disposition, the Court directs Fish to file, by February 28, 2013, an amended brief addressing _only_ the appeal assigned to the undersigned District Judge.  Failure to do so may result in the dismissal of the appeal without prejudice.  The Trustee may file a renewed Motion to Dismiss or an Appellate Brief within 14 days of Fish's filing of an amended brief.[2]

### B.   Motion for Injunction

Although Fish references Rule 65 of the Federal Rules of Civil Procedure in his Motion, it is Federal Rule of Bankruptcy Procedure 8005 that governs Fish's request for an injunction against "the Defendant and the Federal Bankruptcy Court." (Doc. # 12).[3]   Because Fish seeks to enjoin the

---

[2]  The Court notes that Pasco County is no longer represented by counsel in this matter. Its former counsel, John P. Dillman, Esq., was terminated by the Court on January 2, 2013, due to his failure to comply with the Court's administrative procedures regarding electronic filing. (Doc. # 7).  In the instance that Pasco County seeks to be heard in this matter, it is directed to retain counsel and file a notice reflecting the same by February 28, 2013.

[3] Fish repeats his error regarding the subject of this appeal in the Motion for an Injunction, wherein Fish states:
(continued...)

action of the Bankruptcy Court, such Motion is tantamount to a motion to stay the bankruptcy case pending this appeal. Rule 8005 requires that a motion to stay proceedings first be presented to the Bankruptcy Court. However, if an emergency exists, such motion to stay may be first presented to the district court and the movant must "show why the relief, modification, or termination was not obtained from the bankruptcy judge." Id.; see also Brampton Plantation, LLC v. German Am. Capital Corp., No. 4:12-cv-17, 2012 U.S. Dist. LEXIS 28930, at *14-15 (S.D. Ga. March 5, 2012) (applying Rule 8005 in the context of a bankruptcy appeal).

Fish did not first present the Motion to the Bankruptcy Court and has not demonstrated to this Court why such emergency relief is required in this case. Accordingly, the Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

---

[3](...continued)
"The Appellant filed an Appeal on December 5, 2012, for the bankruptcy rulings of August 22, 2012, and November 21, 2012." (Doc. # 12 at 1). As previously noted, Fish's Notice of Appeal, which was actually filed on September 4, 2012, appeals only the Bankruptcy Court's August 22, 2012, Order. (Doc. # 1-1).

(1)   The Trustee's Motion to Dismiss Appeal (Doc. # 10) is **DENIED WITHOUT PREJUDICE.**

(2)   Fish is directed to file an amended brief addressing only the appeal assigned to the undersigned District Judge by **FEBRUARY 28, 2013.  Failure to do so may result in the dismissal of this appeal without prejudice.**

(3)   The Trustee may file a renewed Motion to Dismiss or an Appellate Brief within 14 days of Fish's filing of an amended brief.

(4)   In the instance that Pasco County seeks to be heard in this matter, it is directed to retain counsel and file a notice reflecting the same by February 28, 2013.

(5)   Fish's Motion for Injunction under Federal Rules of Civil Procedure 65(b)(1) (Doc. # 12) is **DENIED.**

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

Pasco County Traffic Division
attn: Paula S. O'Neill, Clerk and Comptroller
7530 Little Road
PO BOX 338
New Port Richey, FL 34654-0338