```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION

IN RE:
TERRY LEE FISH,

            Debtor.
_____/

TERRY LEE FISH,

            Appellant,
v.                                Case No.  8:12-cv-2498-T-33
                                  Bankr. No. 8:11-bk-19061-CPM

PASCO   COUNTY   FLORIDA   TRAFFIC
DIVISION, PAULA O'NEILL, and JON
M. WAAGE as Chapter 13 Bankruptcy
Trustee,

            Appellees.
_____/
```

**ORDER**

Terry Fish filed for protection under Chapter 7 of the United States Bankruptcy Code and received a Discharge. Thereafter, Pasco County attempted to collect traffic fines from Fish and refused to renew Fish's driver's license based on Fish's failure to pay the fines. Fish challenged the County's actions in a motion for sanctions. The Bankruptcy Court determined that Pasco County did not violate Fish's Discharge because traffic fines are non-dischargeable in bankruptcy. Fish now appeals the Bankruptcy Court's ruling. The Court affirms the Bankruptcy Court after finding that the fines in question were not discharged in Fish's bankruptcy.

**I.     Procedural Background**

Fish filed a pro se voluntary Chapter 7 bankruptcy case on October 12, 2011.  (B.R. Doc. # 1). On October 21, 2011, the Bankruptcy Court granted Fish's application to proceed *in forma pauperis.* (B.R. Doc. # 11).  On March 2, 2012, the Bankruptcy Court granted Fish a Discharge pursuant to 11 U.S.C. § 727. (B.R. Doc. # 29). Importantly, the Discharge specified, "Debts for most fines, penalties, forfeitures, or criminal restitution obligations" are "not discharged in a chapter 7 bankruptcy case." Id. at 2 (emphasis in original).[1] The Bankruptcy Court closed the case on March 30, 2012. (B.R. Doc. # 30).

On April 24, 2012, Fish filed a Motion for Sanctions against the Pasco County Florida Traffic Division and Paula S. O'Neill, Clerk and Comptroller. (B.R. Doc. # 33).  Fish specified in the Motion for Sanctions:

> The Debtor requests that his Chapter 7 Bankruptcy be Re opened so that the Bankruptcy Court can re affirm that the Debtor's Traffic Citations were discharged on march 2, 2012 by order of the Court. . . . The Pasco County Florida Traffic Division has failed to allow the Debtor to obtain his Florida

---

[1] 11 U.S.C. § 523(a)(7) exempts from discharge a debt "to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental entity, and is not compensation for actual pecuniary loss, other than a tax penalty."

> Driver's License which was suspended for non payment of three (3) traffic citations. . . . The Debtor states that the $732.50 in fines is a financial hardship and the Debtor due to his poverty can not pay.

Id. at 1.  Fish attached to his Motion for Sanctions a March 20, 2012, "Driver's License Suspension and Collection Notice" requesting that Fish pay the County $732.50 "**immediately**." Id. at 7 (emphasis in original).[2]

The Bankruptcy Court held a hearing on the Motion for Sanctions on August 14, 2012, and denied the Motion in a written Order dated August 22, 2012, as follows: "The traffic fines are not dischargeable.  Pasco County's attempt to collect them is not violative of the Debtor's discharge." (B.R. Doc. # 49).  On September 4, 2012, Fish filed an Appeal of the Order denying the Motion for Sanctions. (B.R. Doc. # 54).[3]  That appeal is before this Court.[4]

---

[2] The traffic fines are for careless driving, failure to provide insurance, and passing within 100 feet of an intersection. (B.R. Doc. # 33 at 7).

[3] A transcript of the hearing has not been made available to the Court.

[4] It appears that Fish has filed multiple appeals in connection with his bankruptcy case and that his bankruptcy case is ongoing.  The Court confines its analysis to review of the Bankruptcy Court's Order dated August 22, 2012.

Initially, Fish briefed the Court on an appeal not pending before this Court. The Court entered an Order on February 6, 2013, explaining that "an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." (Doc. # 14)(citing Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1525 (11th Cir. 1987)). The Court directed that this matter be re-briefed. (Doc. # 14). The parties have complied. Fish filed his amended appellate brief (Doc. # 15) on February 7, 2013, and filed his "Addendum" (Doc. # 16) on February 14, 2013. The Trustee responded on March 1, 2013. (Doc. # 17). Fish filed his reply brief (Doc. # 19) on March 8, 2013 and filed a supplement (Doc. # 20) on March 15, 2013. The Court affirms the Bankruptcy Court as explained below.

## II. **Standard of Review**

Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). This Court reviews de novo the legal

conclusions of the bankruptcy court. In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).

The standard of review employed by this Court in reviewing the bankruptcy court's findings of fact is the clearly erroneous standard of review described in Federal Rule of Bankruptcy Procedure 8013: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." See In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Crawford v. W. Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)).

### III. Analysis

A laborious analysis is not warranted here.  11 United States Code § 523 entitled "Exceptions to Discharge" enumerates certain debts not discharged in a Chapter 7 bankruptcy case.  One such exception is for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental

unit." § 523(a)(7). The Court explained the importance of this exception in <u>Kelly v. Robinson</u>, 470 U.S. 36 (1986): "The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States. This Court has emphasized repeatedly the fundamental policy against federal interference with state criminal prosecutions." <u>Id.</u> at 47. The Court also explained that the fine/penalty exception "is a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures." <u>Id.</u> at 51.

Other courts have echoed this sound reasoning in a variety of contexts. <u>See</u> <u>also</u> <u>Cillo v. The Florida Bar</u>, 165 B.R. 46, 49 (Bankr. M.D. Fla. 1994)(costs associated with attorney disciplinary proceeding non-dischargeable because "the plain language of 11 U.S.C. § 523(a)(7) creates a broad exception for all penal sanctions"); <u>SEC v. Telsey</u>, 144 B.R. 563, 565 (Bankr. S.D. Fla. 1992)(disgorgement order came within the broad exception to discharge under 11 U.S.C. § 523(a)(7)).

Traffic fines, such as those before the Court, fall squarely within the ambit of 11 U.S.C. § 523(a)(7). <u>See</u> <u>Cuyler v. City of St. Mary's Police Dep't</u>, No. 287-00412, 1988 Bankr. LEXIS 2871, at *5 (Bankr. S.D. Ga. July 18, 1988)("The caselaw is clear that a speeding ticket falls within the reach of 11

-6-

U.S.C. § 523(a)(7)."); In re Stevens, 184 B.R. 584 (Bankr. W.D. Wash. July 26, 1995)("It is generally accepted that traffic and parking fines are a 'fine or penalty' for purposes of § 523(a)(7), because their intent is to facilitate the city government's regulation of traffic and parking."); In re Eyiowuawi, No. 09-75950, 2011 Bankr. LEXIS 5240, at *2 (Bankr. N.D. Ga. Oct. 28, 2011)("Apposite case law is clear that debts for parking fines are excepted from discharge under 11 U.S.C. § 523(a)(7).").

Because the fines were not discharged in Fish's Chapter 7 Bankruptcy, it follows that the County did not violate Fish's Discharge injunction in attempting to collect the fines and in refusing to reinstate Fish's driver's license on the basis of non-payment of the fines. Fish has not demonstrated any error by the Bankruptcy Court and after reviewing the record, the Court affirms the Bankruptcy Court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Bankruptcy Court's Order is affirmed.
(2) The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and is thereafter directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of March, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

Pasco County Traffic Division
attn: Paula S. O'Neill, Clerk and Comptroller
7530 Little Road
PO BOX 338
New Port Richey, FL 34654-0338